```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-------------------------------------------------
DOINA ROSU ALMAZON,

                    Plaintiff,

    - against -

JAMIE DIMON, ET AL.,

                    Defendants.
-------------------------------------------------

23-cv-5584 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    This action is transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

    In her complaint, the pro se plaintiff, a resident of Plainview, New York, asserts that the defendants -- Jamie Dimon, the CEO of JP Morgan Chase; JP Morgan Chase Bank, National Association; the Town of Oyster Bay, New York; and several John Doe individuals and corporations -- violated her federally protected rights with respect to property located at 27 Grape Lane, Hicksville, New York. The plaintiff alleges that she has been displaced for over a decade as a result of events that began in 2010. Among other things, she alleges that defendant JP Morgan Chase illegally foreclosed her home. Plainview, Oyster Bay, and Hicksville are in Nassau County, in the Eastern District of New York.

    The Court may transfer claims "[f]or the convenience of parties and witnesses, in the interest of justice." 28

U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). A district court's power to transfer cases under Section 1404(a) sua sponte is well established. Bank of Am., N.A. v. Wilmington Trust FSB, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013); see also June v. Lansden, No. 23-cv-1076, 2023 WL 2435594, at *2 (S.D.N.Y. Feb. 13, 2023).

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. Keitt v. N.Y. City, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. See Iragorri

v. United Tech. Corp., 274 F.3d 65, 72 (2d Cir. 2001); June, 2023 WL 2435594, at *2.

Under Section 1404(a), transfer is appropriate in this case. The alleged underlying events occurred in Nassau County, where the plaintiff resides and where the property at issue is located. It is reasonable to expect that many of the relevant documents and witnesses also will be in Nassau County. The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. See 28 U.S.C. § 1404(a). The Eastern District of New York will be the appropriate forum to decide all pending motions.

The Clerk is directed to transfer this action to the Eastern District of New York and to close the action on the docket of this Court.

**SO ORDERED.**

**Dated:**    **New York, New York**
              **July 12, 2023**

                                                      John G. Koeltl
                                     **United States District Judge**