```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

DOINA ROSU ALMAZON,

                Plaintiff,

  - against -

JAMIE DIMON, ET AL.,

                Defendants.

23-cv-5584 (JGK)

<u>ORDER</u>

JOHN G. KOELTL, District Judge:

The Court has received the <u>pro se</u> plaintiff's letter, dated July 24, 2023, asking the Court to reconsider its July 12, 2023, decision to transfer this case to the Eastern District of New York. ECF No. 4 (Court's order); ECF No. 5 (plaintiff's letter). For the following reasons, the request for reconsideration is **denied.**[1]

---

[1] The transfer of a case generally divests the transferor court of jurisdiction over the action. <u>Drabik v. Murphy</u>, 246 F.2d 408, 409 (2d Cir. 1957). However, the transferor court retains jurisdiction over the action if a party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." See <u>Warrick v. Gen. Electric Co.</u>, 70 F.3d 736, 739 (2d Cir. 1995). The Eastern District of New York received a copy of this Court's transfer order and docket sheet on July 24, 2023, at or around 4:01 p.m. See <u>Almazon v. Dimon</u>, No. 23-cv-5583 (E.D.N.Y.), ECF No. 5. The plaintiff's request for reconsideration, although received by this Court on July 25, 2023, is dated July 24, 2023. Moreover, the plaintiff had expressed a desire to seek reconsideration as early as July 20, 2023. See ECF No. 5 at 1. Thus, it appears that the <u>pro se</u> plaintiff acted diligently to seek a stay of the transfer before the Eastern District of New York received the papers in this action. Accordingly, the Court retains jurisdiction over the plaintiff's motion for reconsideration. See, e.g., <u>Tlapanco</u>, 2017 WL 4329789, at *2-3 (plaintiff "preserved th[e] Court's jurisdiction to resolve" motion to reconsider transfer order by filing letter "alerting the Court that he intended to file a motion for reconsideration" before transferee court received the case, even though the motion for reconsideration officially was filed after transferee court received the case).

"A Court may grant a motion for reconsideration to correct a clear error of law or prevent manifest injustice." Tlapanco v. Elges, No. 15-cv-2852, 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017). However, the standard for granting such a motion is strict, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In its July 12 Order, the Court explained that transfer of this case to the Eastern District of New York was appropriate pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." ECF No. 4 at 1. As the Court explained, the plaintiff resides in Nassau County, which is in the Eastern District of New York; the property at issue is located there; the alleged wrongdoing occurred there; and it is reasonable to expect that many of the relevant documents and witnesses will be there as well. Id. at 3. Nothing in the plaintiff's July 24 letter changes the Court's conclusion that, based on the totality of the circumstances, the Eastern District of New York will be a more convenient forum for this action than this Court would be. Accordingly, the plaintiff's request for the Court to reconsider its decision to

2

transfer this case is **denied**. The plaintiff should direct any future requests to the Eastern District of New York, the court in which this action now will proceed.

## CONCLUSION

The Court has considered all of the plaintiff's arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's request for reconsideration is **denied**. The Clerk of Court is directed not to accept any further submissions under this docket number.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se plaintiff at the address listed on the docket of the Court and to note service on the docket of the Court.

**SO ORDERED.**

Dated:    New York, New York
         July 27, 2023

                                    _____
                                    John G. Koeltl
                                    United States District Judge